156 N.J. Super. 479 (1978)
384 A.2d 159
PATRICK CRINNION, PLAINTIFF-APPELLANT,
v.
THE GREAT ATLANTIC & PACIFIC TEA COMPANY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 12, 1977.
Decided January 30, 1978.
*481 Before Judges CONFORD, MICHELS and PRESSLER.
Mr. Gerald D. Miller argued the cause on behalf of appellant (Messrs. Miller, Hochman, Meyerson, & Schaeffer, attorneys).
Mr. Alfred J. Hill argued the cause on behalf of respondent (Messrs. Wilentz, Goldman & Spitzer, attorneys).
The opinion of the court was delivered by MICHELS, J.A.D.
Plaintiff Patrick Crinnion appeals from a summary judgment of the Chancery Division declaring that he was not entitled to credit for the 12 years he was employed by defendant The Great Atlantic & Pacific Tea Company after age 65 in computing his yearly pension benefits under defendant's Employees' Retirement Plan ("Plan").
The facts are not in dispute. Plaintiff was employed by defendant from September 27, 1951 to October 1, 1976. When plaintiff submitted his application for employment he misrepresented his age. He stated on the application that his date of birth was September 15, 1911, whereas in truth and in fact his date of birth was September 15, 1899, *482 thereby understating his age by 12 years. Defendant apparently learned only shortly prior to plaintiff's retirement on October 1, 1976 that plaintiff had reached the normal retirement age of 65 years on September 15, 1964. Under the terms of the Plan, plaintiff's normal retirement date would have been October 1, 1964 and not October 1, 1976. Paragraph 3.1 of the Plan provides:
Normal Retirement Date. A Member's Normal Retirement Date shall be the first day of the calendar month next following the sixty-fifth anniversary of his date of birth. Except as provided in Section 3.4, any Member who reaches his Normal Retirement Date shall be retired by the Retirement Board on such date and his normal retirement allowance shall become effective on such date.
The Retirement Board which administered the Plan calculated plaintiff's yearly pension benefit on the basis of the number of years he worked prior to reaching age 65 on September 15, 1964 and did not give him credit for the years he worked thereafter. This resulted in reducing plaintiff's yearly pension benefits. He thereupon instituted this action to compel defendant to pay him yearly pension benefits calculated on the basis of the additional 12 years he worked after age 65. Judge Kentz in the Chancery Division held on cross-motions for summary judgment that plaintiff was not entitled to pension benefits calculated on the basis of the years he worked after his normal retirement date of October 1, 1964. He also held that plaintiff was barred from relief by reason of the intentional misrepresentation of his age at the time he applied for employment. Plaintiff appeals.
Plaintiff seeks a reversal and judgment in his favor, contending that enforcement of the provisions of the Plan requiring retirement on the first day of the calendar month next following his 65th birthday operated as a forfeiture of his vested rights to a pension calculated on the total years of service, and unjustly enriched defendant. He also contends that this provision of the Plan violates the letter and spirit of the Federal Employees' Retirement Income Security *483 Act of 1974, 88 Stat. 832, 29 U.S.C.A. § 1001 et seq. (commonly referred to as "ERISA").
At the outset, it is appropriate to point out that paragraph 12.6 of the Plan provides that "The Plan shall be construed, regulated and administered under the laws of the State of New York and in compliance with the applicable provisions of ERISA." Since the Plan specifies the law to govern its interpretation and the public policy of New Jersey does not dictate otherwise, the Plan will be interpreted under New York law. Knollmeyer v. Rudco Industries, Inc., 154 N.J. Super. 309 (App. Div. 1977); Monsanto v. Alden Leeds, 130 N.J. Super. 245, 252 (Law Div. 1974); Shotwell v. Dairymen's, etc., Inc., 22 N.J. Misc. 171, 174, 37 A.2d 420 (D. Ct. 1944).
Even though it is firmly settled in New York that a pension is not a pure gratuity, but rather a deferred portion of the compensation earned for services rendered (see Hadden v. Consolidated Edison Co. of N.Y., Inc., 34 N.Y.2d 88, 356 N.Y.S.2d 249, 312 N.E.2d 445, 449 (Ct. App. (1974)), an employee's right to a pension is governed by the provisions of the specific pension plan under which he seeks benefits. See Hadden v. Consolidated Edison Co. of N.Y., Inc., supra; Gitelson v. DuPont, 17 N.Y.2d 46, 268 N.Y.S.2d 11, 215 N.E.2d 336, 337-338 (Ct. App. 1966); Fernekes v. CMP Industries, Inc., 13 N.Y.2d 217, 246 N.Y.S.2d 201, 195 N.E.2d 884, 887 (Ct. App. 1963). See also, Alt v. Long Island R.R. Company, 81 Misc.2d 99, 365 N.Y.S.2d 480, 483-484 (Sup. Ct. 1975), aff'd 54 A.D.2d 724, 387 N.Y.S.2d 610 (App. Div. 1976). New Jersey is in accord with this view. Thus, in Stopford v. Boonton Molding Co., Inc., 56 N.J. 169 (1970), our Supreme Court, in discussing the rights of an employee onder a contributory pension plan, stated:
The contributory pension plan involved here is not a mere gratuity, the benefits of which depend upon the bounty of the employer. It is an offer to pay a pension upon compliance by the employee with terms and conditions set forth therein. The pertinent terms and conditions *484 so far as Stopford is concerned were continuance in Boonton's employ until the required age and period of service was reached, payment of the stipulated contributions, obtaining company agreement for early retirement, and upon retirement, agreeing to refrain from competitive employment for six months and not to divulge to a competitor any information of a confidential nature respecting the processes, operations or contracts of Boonton. Satisfaction of those requirements constituted adequate consideration and brought about a vesting of the right to the lifetime benefits as prescribed by the plan. [at 183-184]
See also, Russell v. Princeton Laboratories, Inc., 50 N.J. 30, 35 (1967); Hindle v. Morrison Steel Co., 92 N.J. Super. 75, 83 (App. Div. 1966); Specht v. Eastwood-Nealley Corp., 34 N.J. Super. 156, 166 (App. Div. 1955); Evo v. Jomac Inc., 119 N.J. Super. 7, 14 (Law Div. 1972); Annotation, "Rights and liabilities as between employer and employee with respect to general pension or retirement plan," 42 A.L.R.2d 461, 467-470 (1955).
Plaintiff's pension rights are delineated by the Plan. The Plan explicitly provides that the normal retirement date for an employee-member shall be the first day of the calendar month next following the 65th anniversary of his date of birth. At that date he shall be retired and his normal retirement allowance shall become effective. There is no provision for pension benefits under this Plan based on service after an employee-member reaches his 65th birthday. In fact, even in those instances where the Plan permits postponed retirement with the consent of both the Retirement Board and the employee-member, which is not the case here, the retirement benefit allowed is still calculated on the basis of service credits determined as of that employee-member's normal retirement date. Under this Plan plaintiff clearly was not entitled to a pension based on his years of service with defendant after his 65th birthday. Therefore, it is obvious that the Retirement Board's calculation of the plaintiff's pension benefits did not operate as a forfeiture of any right that he had under the Plan.
*485 We are also satisfied from our study of the Plan that it does not conflict with the letter or spirit of ERISA by not providing pension credits for the years of service beyond an employee-member's normal retirement age. Neither 29 U.S.C.A. § 1053(b)(1) nor 29 U.S.C.A. § 1056(a) supports plaintiff's contention to the contrary. ERISA does not prohibit an employer from setting a mandatory retirement age in a pension plan established for its employees, and it does not require pension credits for years worked after the mandatory retirement age. The federal act contemplates the payment of normal retirement benefits at "a normal retirement age," which is defined by the act to mean "(A) the time a plan participant attains normal retirement age under the plan, or (B) the latter of  (i) the time a plan participant attains age 65 * * *." 88 Stat. 833, 29 U.S.C.A. § 1002 (24). While plaintiff's fraud may have enabled him to work beyond the normal retirement age under the Plan, it cannot give rise to any other benefit not provided by the Plan.
Finally, there is no merit in the claim that defendant was unjustly enriched by the failure of the Retirement Board to calculate plaintiff's pension on the basis of his additional 12 years of service after age 65. The Plan was noncontributory, and therefore plaintiff did not make any contribution to the fund which would benefit defendant. Moreover, whatever favorable tax treatment may have been accorded defendant in connection with its pension contributions on plaintiff's behalf, such benefit does not warrant or justify our amending or interfering with the plain and unambiguous provisions of the Plan.
Accordingly, the judgment of the Chancery Division is affirmed.