222 N.J. Super. 397 (1988)
537 A.2d 303
ROBERT MCCABE AND JOANNE MCCABE, HIS WIFE, PLAINTIFFS,
v.
GREAT PACIFIC CENTURY CORPORATION, ABLE CORPORATION AND PATENT SCAFFOLDING COMPANY, DEFENDANTS, AND HUBER, HUNT & NICHOLS CONSTRUCTION CO., DEFENDANT-THIRD-PARTY PLAINTIFF-APPELLANT,
v.
POWER ELECTRIC COMPANY, THIRD-PARTY DEFENDANT-RESPONDENT, AND MORLOT CARPENTERS, INC., ET AL., THIRD-PARTY DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued January 5, 1988.
Decided February 1, 1988.
*398 Before Judges PRESSLER, BILDER, and SKILLMAN.
Frances J. Panzini-Romeo argued the cause for appellant Huber, Hunt & Nichols Construction Company (O'Donnell, Kennedy, Vespole & Piechta, attorneys; Mark Robert Vespole, of counsel and Frances Panzini-Romeo, on the brief).
Paul P. Mathews argued the cause for respondent Power Electric Company (Harwood, Lloyd, Ryan, Coyle & McBride, attorneys; Paul P. Mathews, of counsel and Paul E. Kiel, on the brief).
The opinion of the court was delivered by SKILLMAN, J.A.D.
Plaintiff, Robert McCabe, was employed by third-party defendant, Power Electric Company (Power), which was a subcontractor of defendant, Huber, Hunt & Nichols Construction Company (Huber), the general contractor on a major construction project. Plaintiff was injured on the job site when he was struck by a moving exterior elevator. He brought this action *399 against Huber and also the owner of the property, the manufacturer of the exterior elevator and the party who installed it. Huber's alleged negligence consisted of failing to provide a safe workplace for plaintiff. Huber filed a third-party complaint which, as amended, named all its subcontractors on the project as third-party defendants. The third-party complaint was based on an indemnification clause in Huber's contract with Power and the other subcontractors which provided:
Subcontractor further specifically obligates himself to Contractor in the following respects: ... (b) to indemnify Contractor and save it harmless from any and all claims, suits or liability resulting from any act or omission of Subcontractor, or Contractor, or their officers, agents, employees or servants in any manner related to the subject matter of this Subcontract, including without implied limitation, claims, suits, or liability for injury to or death of persons, including the employees of either Contractor or Subcontractor, and for damage to property;
Power moved for summary judgment, contending that the contractual indemnification clause relied upon by Huber was invalid. In a letter opinion dated January 27, 1987, the trial court concluded that Huber's indemnification claim was governed by Indiana law and that under the law of that state the indemnification clause in the contract between Huber and Power was invalid.[1] Accordingly it entered summary judgment dismissing Huber's indemnification claim against Power.[2] We granted Huber's motion for leave to appeal from this order. We now reverse.
Unless the parties to a contract express a different intent, the law of the state which has the most significant contacts with a contract and the parties to that contract will be applied in determining its validity or interpretation. State Farm Mutual Automobile Ins. Co. v. Simmons Estate, 84 N.J. 28, 34-36 (1980); Winer Motors, Inc. v. Jaguar Rover Triumph, *400 Inc., 208 N.J. Super. 666, 672-673 (App.Div. 1986); see also Restatement, Conflicts 2d, § 188 at 575 (1971). The contract between Huber and Power involved the construction of a high rise building in New Jersey. Thus, the contract, involving the rendition of substantial services, was to be fully performed in New Jersey. Moreover, a complex set of New Jersey regulations applicable to building construction had to be followed in performing the contract. Under these circumstances, New Jersey's contacts with the contract were clearly more significant than those of Indiana. See Restatement, Conflicts 2d, § 196 at 623 (1971).
Nevertheless, it was within the power of the parties to provide that the validity and interpretation of the contract would be governed by the laws of a state other than New Jersey. Kalman Floor Co., Inc. v. Joseph L. Muscarelle, Inc., 196 N.J. Super. 16, 21-22 (App.Div. 1984), aff'd o.b. 98 N.J. 266 (1985); Crinnion v. The Great Atlantic & Pacific Tea Co., 156 N.J. Super. 479, 483 (App.Div. 1978); Knollmeyer v. Rudco Industries, Inc., 154 N.J. Super. 309, 312-313 (App.Div. 1977), certif. den. 77 N.J. 477 (1978); see also Restatement, Conflicts, 2d, § 187 at 561 (1971). The trial court concluded that an introductory recital of the contract constituted such an agreement. This recital reads as follows:
This Agreement, made this sixteenth day of July 1981, under Indiana law, by and between HUBER, HUNT & NICHOLS, INC., an Indiana Corporation (hereinafter called CONTRACTOR), and Power Electric Co., Inc. of 10-22 North Seventh Street, Belleville, N.J. 07109 (hereinafter called SUBCONTRACTOR). (201) 484-7300 Joseph Diaco, President.
This is the only reference to Indiana law in the contract.
We conclude that the introductory recital that it was "made ... under Indiana law" cannot reasonably be construed as an agreement that the contract's validity and interpretation will be governed by Indiana law. Rather, this recital can be more reasonably construed as simply a statement that the basic contract elements which are needed to create an enforceable contract were taken from Indiana law. See H.G. Craig & Co. v. Uncas Paperboard Co., 104 Conn. 559, 133 A. 673 (1926).
*401 The recital that the contract was "made ... under Indiana law" is significantly different from the standard language used to express an intent that the validity and interpretation of a contract will be governed by the laws of a particular state. Thus, in Kalman Floor Co., Inc. v. Joseph L. Muscarelle, Inc., supra, the contract provided:
This subcontract shall be governed by and construed in accordance with the laws of the State of New Jersey. [196 N.J. Super. at 19].
Similarly, in Knollmeyer v. Rudco Industries, Inc., supra, the applicable contract provision provided:
The provisions of the plan shall be construed in accordance with the laws of the State of New York. [154 N.J. Super. at 312].
It is reasonable to conclude that Huber and Power would have included similar language in their contract if they had reached an agreement concerning the applicability of Indiana law to issues concerning the validity and interpretation of their contract.
Power argues that the recital that the contract was "made ... under Indiana law" can be construed as an agreement that its validity and interpretation are to be determined in accordance with Indiana law, and that any ambiguity in its meaning should be resolved against Huber as the draftsman. See In re Miller, 90 N.J. 210, 221 (1982). The short answer to this argument is that the phrase "made ... under Indiana law" cannot reasonably be construed as a direction that Indiana law is to govern the contract.
Moreover, even if there were ambiguity in the phrase "made ... under Indiana law," the principle that any ambiguity in a contract is to be construed against the draftsman would not support the conclusion that Indiana law was controlling. Indiana is Huber's home state. Therefore, it is reasonable to infer that if Huber had inserted a provision that Indiana law was to govern the contract, its objective would have been to serve its own interests. Thus, any ambiguity in the contract Huber drafted should be construed against finding Indiana law to apply. The fact that the application of Indiana law would *402 not serve Huber's interests in this particular case is irrelevant. If the parties had in fact agreed that Indiana law would apply, that election would govern any dispute that might arise under the contract; the applicable law cannot vary depending on whose interests happen to be furthered in a particular case.
Accordingly, we conclude that the recital that the contract was "made ... under Indiana law" does not reflect an agreement between the parties that its validity and interpretation are to be governed by Indiana law.[3] Hence, this case is controlled by New Jersey law.
The Huber-Power contract was entered into on or about July 28, 1981. At that time New Jersey law permitted an agreement providing indemnification for liability resulting from a party's sole negligence. See Buscaglia v. Owens-Corning Fiberglas. 68 N.J. Super. 508, 514-517 (App.Div. 1961), aff'd 36 N.J. 532 (1962); Polit v. Curtiss Wright Corp., 64 N.J. Super. 437 (App.Div. 1960); Cozzi v. Owens-Corning Fiber Glass Corp., 63 N.J. Super. 117 (App.Div. 1960). Through the enactment of chapter 317 of the Laws of 1981, New Jersey now prohibits such an indemnification provision. N.J.S.A. 2A:40A-1. However, N.J.S.A. 2A:40A-4 expressly provides that this prohibition only applies to agreements executed after the effective date of the legislation, which was December 3, 1981. See Ramos v. Browning Ferris Industries of South Jersey, Inc., 194 N.J. Super. 96, 101-102 n. 1 (App.Div. 1984), rev'd on unrelated grounds, 103 N.J. 177 (1986). Therefore, this case is controlled by prior New Jersey case law permitting an agreement to indemnify a party for its sole negligence.
*403 For the foregoing reasons, the summary judgment entered in favor of Power on Huber's third-party complaint is reversed and the matter is remanded to the trial court for further proceedings in conformity with this opinion.
NOTES
[1] This decision also directed the dismissal of the claims against the other subcontractors on the same grounds. Those other dismissals are not in issue on this appeal.
[2] All other claims against Power had been dismissed by a prior order.
[3] Thus, we have no occasion to decide whether the indemnification clause in the Huber-Power contract would be void under Indiana law. See Bituminous Fire & Marine Ins. Co. v. Culligan Fyrprotexion, 437 N.E.2d 1360, 1368-1370 (Ind. Ct. App. 1982), holding that the section of the Indiana statutes which voids any agreement to indemnify a party for its "sole negligence" only applies where the intention to provide such indemnification is expressed in "clear and unequivocal" language.