CHRYSLER CORPORATION v SKYLINE INDUSTRIAL SERVICES, INC

Docket No. 159855. Submitted March 2, 1993, at Lansing. Decided April 19, 1993, at 9:20 A.M.

Chrysler Corporation, a Delaware corporation with headquarters in Michigan, brought an action in the Wayne Circuit Court against Skyline Industrial Services, Inc., a Michigan corporation, and others, seeking indemnification with regard to an action by an employee of Skyline who was injured while providing services to Chrysler at a Chrysler plant in Illinois. The parties had negotiated and entered into a contract in Michigan whereby Skyline was to provide painting services for Chrysler at the plant. The agreement contained an indemnification clause providing that if anyone was injured on the job, Skyline would indemnify Chrysler and hold it harmless. The court, Susan D. Borman, J., denied summary disposition for Skyline and granted summary disposition for Chrysler with regard to the indemnification issue. Skyline sought leave to appeal. In lieu of granting leave to appeal, the Court of Appeals resolved the issue by means of a peremptory opinion.

The Court of Appeals *held:*

1. With respect to conflict of laws, Michigan follows the position articulated in 1 Restatement Conflict of Laws, 2d, § 187. That section and §§ 11, 188, and 202 of the Restatement 2d clarify that, under the circumstances of this case, the place where the contract is to be performed, Illinois, has the most significant interest in enforcing a statute designed to regulate or deter specified business practices, such as indemnification. Section 202 of the Restatement 2d clearly intimates that enforcement of the indemnification clause, barred by Illinois law, also is precluded when suit is brought in Michigan. In jurisdictions that follow the principles of § 187 of the Restatement 2d, if a statute of the place of performance renders a portion of a contract invalid and unenforceable, enforcement will be denied no matter the forum in which suit is commenced.

2. The parties were powerless to agree to indemnification prohibited by fundamental public policies of Illinois. The question whether Chrysler may have a right of action under the insurance clause of the contract is not presented for review

because Chrysler did not raise it in its complaint and the trial court did not address it.

Reversed and remanded.

*Loesch & Ball* (by *Patrick D. Ball*), for Skyline Industrial Services, Inc.

Before: DOCTOROFF, C.J., and CAVANAGH and TAYLOR, JJ.

DOCTOROFF, C.J. Skyline Industrial Services, Inc., seeks leave to appeal from a December 1, 1992, order of the Wayne Circuit Court denying its motion for summary disposition and granting Chrysler Corporation's motion for summary disposition regarding the issue of indemnification. Because the issues presented are of jurisprudential significance, yet resolvable by sufficient development of persuasive authorities so as not to warrant the delay that would be involved in plenary consideration, we elect to issue this peremptory opinion reversing the order denying Skyline's motion for summary disposition. See *Wozniak v General Motors Corp,* 198 Mich App 172; 497 NW2d 562 (1993); *Kerby v Judges' Retirement Bd of Michigan,* 166 Mich App 302; 420 NW2d 195 (1988), and cases cited therein.

Chrysler (a Delaware corporation with headquarters in Michigan) and Skyline (a Michigan corporation) entered into a contract whereby Skyline was to provide painting services for Chrysler at its Belvedere, Illinois, assembly plant. The agreement contained an indemnification clause, whereby, if any person was injured on the job, Skyline agreed to indemnify Chrysler and hold it harmless. This portion of the agreement specifically referenced MCL 691.991; MSA 26.1146(1), which limits indemnification in construction contracts of this kind by precluding indemnification

for any party's sole negligence. See *Robertson v Swindell-Dressler Co,* 82 Mich App 382; 267 NW2d 131 (1978). Elsewhere, the contract obligated Skyline to comply with all applicable state, federal, and local laws.

When one of the workers was injured during the fulfillment of the contract in Illinois, the injured employee brought suit against Chrysler, which in the Illinois proceedings filed a cross-claim against Skyline for indemnification pursuant to the clause in the contract. Skyline claims that the Illinois court dismissed Chrysler's indemnification action, but no copy of the Illinois court order has been provided. Thus, it is unclear whether the dismissal was on a procedural or a substantive basis. However, it seems beyond dispute that, under Illinois law, indemnification clauses of this nature are wholly unenforceable. The Illinois Structural Work Act obligates owners to provide safe appliances and work sites and, further, prohibits owners from obtaining indemnification under construction contracts. Ill Rev Stat 1981, ch 48, ¶ 60 *et seq.; Davis v Commonwealth Edison Co,* 61 Ill 2d 494; 336 NE2d 881 (1975).

Following dismissal of the Illinois cross-claim, Chrysler brought this action in Michigan for indemnification. Skyline defended on three theories, including res judicata, which is not pursued here. Another defense raised by Skyline was Chrysler's failure to enforce a contractual provision requiring Skyline to insure both itself and Chrysler for any liability arising from execution of the contract. Skyline had supplied Chrysler with a copy of its certificate of insurance, showing only Skyline as the named insured. The Chrysler officer in charge of enforcing and overseeing this aspect of the contract testified that, when he examined the certificate of insurance, he thought it included

Chrysler as a named insured, apparently an erroneous reading of the certificate. Skyline contended in the trial court, and asserts here, that Chrysler waived its right to be named as an insured by failing to enforce the insurance clause and thus should be precluded from obtaining indemnification under the contract. Skyline asserts that Chrysler's liability would have been covered by insurance and there would be no suit for indemnification if Chrysler had enforced the provision of the contract requiring it to appear as a named insured.

Accepting arguendo the trial court's finding that the contract calls for application of Michigan law, at least with regard to the terms that address the indemnification issue, it is clear that the indemnification clause is unenforceable because of the Illinois statute. With respect to conflict of laws, Michigan follows the position articulated in 1 Restatement Conflict of Laws, 2d, § 187, p 561. See *Hardy v Monsanto Enviro-Chem Systems, Inc,* 414 Mich 29, 86, n 60; 323 NW2d 270 (1982).[1] Section 187 provides:

> (1) The law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue.
>
> (2) The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit

---

[1] That is a portion of part VI of the opinion by Justice MOODY in which Justices WILLIAMS and LEVIN joined. However, that portion of Justice MOODY's opinion was actually the unanimous opinion of the Court, because the majority opinion specifically indicates full agreement with "the result and reasoning of Justice MOODY in part VI of his opinion." *Hardy, supra* at 48 (RYAN, J., COLEMAN, C.J., KAVANAGH and FITZGERALD, JJ.).

provision in their agreement directed to that issue, unless either

(a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or

(b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

(3) In the absence of a contrary indication of intention, the reference is to the local law of the state of the chosen law.

The referenced § 188, p 575, provides:

(1) The rights and duties of the parties with respect to an issue in contract are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties under the principles stated in § 6.

(2) In the absence of an effective choice of law by the parties (see § 187), the contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

(a) the place of contracting,

(b) the place of negotiation of the contract,

(c) the place of performance,

(d) the location of the subject matter of the contract, and

(e) the domicil, residence, nationality, place of incorporation and place of business of the parties.

These contacts are to be evaluated according to their relative importance with respect to the particular issue.

(3) If the place of negotiating the contract and the place of performance are in the same state, the local law of this state will usually be applied,

except as otherwise provided in §§ 189-199 and 203.

With regard to the term "domicil," that concept is inapposite to corporations under the Restatement 2d:

> When a domicil is assigned to a corporation, it is always in the state of incorporation. No useful purpose, however, is served by assigning a domicil to a corporation. Most of the uses which the concept of domicil serves for individuals (see Comments c and d) are inapplicable to corporations, which do not, for example, vote, marry, become divorced, beget or bear children and bequeath property. . . .
> Attribution of a domicil to a corporation may lead to complications and confusion and should be avoided. [Comment 1 to § 11 of the Restatement 2d, p 46.]

Thus, examining this contract under § 188 of the Restatement 2d, the place of contracting is Michigan, which is also the place of negotiation of the contract. The place of performance and the location of the subject matter of the contract, however, are in Illinois. Chrysler is a Delaware corporation, Skyline a Michigan corporation. Chrysler does business in Michigan and Illinois, and so, at least for purposes of this contract, does Skyline.

The Restatement 2d clarifies that, under these circumstances, the place where the contract is to be performed has the more significant interest in enforcing a statute designed to regulate or deter specified business practices, such as indemnification:

> And a state where a contract provides that a given business practice is to be pursued has an obvious interest in the application of its rule de-

signed to regulate or to deter that business practice. [Comment c to § 188 of the Restatement 2d, p 578.]

Further clarification is provided by § 202 of the Restatement 2d, p 645:

(1) The effect of illegality upon a contract is determined by the law selected by application of the rules of §§ 187-188.

(2) When performance is illegal in the place of performance, the contract will usually be denied enforcement.

Here, the place of performance is Illinois, so § 202 clearly intimates that enforcement of the indemnification clause, barred by the Illinois statute, also is precluded when suit is brought in Michigan.

The purpose of the Illinois statute is to prevent injuries to persons employed in dangerous and extrahazardous occupations, so that negligence on their part in the manner of doing their work might not prove fatal. *Kochan v Commonwealth Edison Co,* 123 Ill App 3d 844; 79 Ill Dec 367; 463 NE2d 921 (1984). The statute is designed to motivate owners entering into construction contracts to take all necessary precautions for the safety of construction workers and the general public. *Doran v Corn Products-US,* 776 F Supp 368 (ND Ill, 1991).

In jurisdictions that follow the principles of § 187 of the Restatement 2d, where a statute of the place of performance renders a portion of the contract invalid and unenforceable, enforcement will be denied no matter the forum in which suit is commenced. For example, in *Young v Mobil Oil Corp,* 85 Or App 64, 67-73; 735 P2d 654 (1987), a New York corporation entered into a contract with a company that performed work in Oregon. The

contract indemnified the New York corporation from any responsibility for injuries to the company's employees, and provided specifically that New York law would govern the agreement. An injured employee filed an action for damages against the corporation, and the corporation filed a cross-claim for indemnification, the indemnification clause being valid and enforceable under New York law.

The court noted that Oregon law (Or Rev Stat 656.018[1]) prohibited employers from seeking contribution or indemnification from third persons for injuries to workers for which the employers had been held liable, and declared any such agreements or warranties to the contrary void. See *Young, supra* at 67 (relying on § 187[2] of the Restatement 2d). The court held that New York law would not be applied, because it was contrary to a fundamental public policy of the State of Oregon, which had the most significant contacts with the contract, being the place of performance. The court stated:

> If parties to a contract could circumvent the workers compensation laws by choosing the law of another jurisdiction to govern their agreement, the statutory scheme would break down, thereby causing "injury to the public welfare." To allow a negligent third party in Mobil's position to be indemnified totally for its negligence would subvert the policy stated in ORS 656.012(2)(d): . . . That policy essentially encourages the employer to provide a safe workplace. However, if Mobil is indemnified by other companies for injuries to those companies' employees that occur on Mobil's premises because of hazards there, then Mobil has less incentive to provide a safe workplace than when no indemnity is allowed. The exclusive liability provision is therefore a cornerstone of the fundamental policy stated in ORS 656.012(2)(d). For those reasons, we hold that ORS 656.018(1)

evinces a fundamental public policy of this state that voids the indemnity provision in the agreement between Myers and Mobil. [*Id.* at 72-73.]

Other jurisdictions are in accord with Oregon. See *McCabe v Great Pacific Century Corp,* 222 NJ Super 397; 537 A2d 303 (1988), after remand 236 NJ Super 488; 566 A2d 234 (1989); *Keystone Leasing Corp v Peoples Protective Life Ins Co,* 514 F Supp 841, 847 (ED NY, 1981); *Triad Financial Establishment v Tumpane Co,* 611 F Supp 157, 162-164 (ND NY, 1985).[2]

In *Hardy v Monsanto, supra* at 84, n 59, the parties had specified that Illinois law would apply, under which the indemnification agreement in that case was likewise void and unenforceable. Contrary to the facts as they exist in this case, *Hardy* involved a situation where Michigan law would have permitted indemnification, but it was not a fundamental public policy of the state to allow it. The *Hardy* Court carefully noted that the party seeking to avoid application of Illinois law, which was also the party that drafted the agreement, had "not advanced any argument why the parties' agreement should not be enforced." *Id.* at 85. Here, Chrysler is the drafting party, and Skyline has advanced reasons why, even given the hypothesis that Michigan law was specified to control, Illinois public policy precludes enforce-

[2] Although there is case law apparently to the contrary, it involves application of different conflict-of-laws principles, such as lex loci contractus, *Jemco, Inc v United Parcel Service, Inc,* 400 So 2d 499, 501 (Fla App, 1981), or maritime choice-of-law rules, under which any substantial relationship between the state whose law has been selected and the parties suffices to make that choice of law applicable. *Hale v Co-Mar Offshore Corp,* 588 F Supp 1212, 1215 (WD La, 1984). Also, where the rules of enforceability have changed, rendering a contract unenforceable at the place of performance after one party has wholly performed its portion of the contract, a different result may be achieved. *Northrop Corp v Triad Int'l Marketing SA,* 811 F2d 1265, 1267-1270 (CA 9, 1987), cert den 484 US 914 (1987).

ment of the indemnification agreement in accordance with the principles of § 187(2)(b) of the Restatement 2d.

This analysis renders all factual disputes irrelevant, because, whatever the intentions of the parties, they were powerless to agree to indemnification prohibited by fundamental public policies of Illinois. This conclusion makes moot any controversy over Chrysler's negligent failure to assure itself the full benefits of the clause obligating Skyline to obtain insurance naming Chrysler as an additional insured party. Although Skyline acknowledges that the Illinois law specifically permits such insurance agreements, the question whether Chrysler may have a right of action under the insurance clause is not properly presented for review because Chrysler failed to raise it in its complaint and the trial court did not address it. Accordingly, we express no opinion regarding this issue.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.