Constance GROSSMAN, Plaintiff,

v.

ARISTECH CHEMICAL CORPORATION, a Delaware corporation, Koch Nitrogen Co., BP Chemicals, Inc., Norfolk & Western Railway Co., Union Tank Car Co., Inc., General American Transportation Corp., and Atchison, Topeka & Sante Fe Railway Co., Defendants,

and

Aristech Chemical Corporation, a Delaware corporation,

v.

MWR, INC., a Michigan corporation, Third–Party Defendant.

BP CHEMICALS, INC., Cross–Plaintiff,

v.

ARISTECH CHEMICAL CORPORATION, a Delaware corporation, Norfolk & Western Railway Co., and General American Trans. Corp., Cross–Defendants.

KOCH NITROGEN CO., Cross–Plaintiff,

v.

UNION TANK CAR, INC. and General American Trans. Corp., Cross–Defendants,

UNION TANK CAR CO., Cross–Plaintiff,

v.

KOCH NITROGEN COMPANY, Cross–Defendant.

NORFOLK & WESTERN RAILWAY COMPANY, Cross–Plaintiff,

v.

ARISTECH CHEMICAL CORPORATION, Koch Nitrogen Co., BP Chemicals, Inc., Union Tank Car Co., Inc. and General American Trans. Corp., Cross–Defendants.

No. 5:93–CV–53.

United States District Court, W.D. Michigan.

Nov. 14, 1994.

Thomas M. Anderson, Nancy Wonch, Anderson and Wonch, PC, Lansing, MI, for plaintiff.

Kenneth T. Brooks, Richard D. McNulty, Dickinson, Wright, Moon, Van Dusen & Freeman, Lansing, MI, Matthew C. Cairone, Aristech Chemical Corp., Pittsburgh, PA, for Aristech Chemical Corp.

Douglas G. Powe, East Lansing, MI, for Koch Chemical Co.

### MEMORANDUM OPINION AND ORDER OF THE COURT

McKEAGUE, District Judge.

This case presents fundamentally a personal injury action. The Court's jurisdiction is invoked based on diversity of citizenship, 28 U.S.C. § 1332. Now before the Court are several motions to declare the governing law. The Court has duly considered the motions and responses, and heard oral arguments on October 18, 1994.

Plaintiff Constance Grossman is an employee of MWR, Inc., a Michigan corporation. MWR had entered into a contract with Aristech Chemical Corporation to prepare a treatability study workplan for soil contamination extraction at Aristech's facility in Haverhill, Ohio. Plaintiff was performing services at the Haverhill facility pursuant to the contract on November 15, 1991, when she was allegedly overcome by fumes and sustained injury. She alleges her injury was caused by the negligence of Aristech and of several other defendants who were transporting chemicals then situated at the Haverhill facility.

## I. CHOICE OF LAW: PLAINTIFF'S CLAIMS

Defendants Union Tank Car Co., Inc. and Koch Nitrogen Company have moved the Court to apply Ohio law to plaintiff's claims against them. Neither plaintiff nor any other party has filed objection.

■ Michigan's choice of law principles govern in this diversity action, and recognize, under the facts of this case, that there is "rational reason" to apply the law of Ohio to plaintiff's tort claims. See *Mahne v. Ford Motor Co.*, 900 F.2d 83, 85, 87 (6th Cir.1990). Because plaintiff's injury occurred in Ohio and all of the defendants are alleged to be liable for actions taken while conducting business in Ohio, it is apparent that Ohio's interests in having its law applied are superior to those of Michigan. See *id. Lex loci delicti* controls; Ohio law displaces the law of the forum state.

Accordingly, the motions of Union Tank Car Co., Inc. and Koch Nitrogen Company are hereby **GRANTED**. Adjudication of plaintiff's claims against all seven defendants shall be governed by the substantive law of Ohio.

## II. CHOICE OF LAW: THIRD–PARTY CLAIMS OF DEFENDANT ARISTECH

Defendant and third-party plaintiff Aristech asks the Court to apply Michigan law to enforcement of its claim for contractual indemnification against plaintiff's employer, MWR. This motion is contested; MWR urges the Court to apply Ohio law to the indemnification claim. Because the contract between Aristech, a Delaware corporation doing business in Ohio, and MWR, a Michigan corporation, does not specify which state law governs interpretation and enforcement of the contract, the Court must evaluate several factors.

■ The first of these is determination of the state in which the contract was made. Generally, under Michigan law, the nature and effect of a contract are determined by the law of the place where the contract was made. *Meijer, Inc. v. General Star Indemnity Co.*, 826 F.Supp. 241, 244 (W.D.Mich. 1993). A contract is deemed to have been made in the state where the last act necessary to create a binding agreement occurred. *Id.*

It is uncertain whether the instant contract was formed (1) by MWR's telephonic acceptance of Aristech's offer on November 8, 1991, in Michigan; or (2) by MWR's partial performance in Michigan and Ohio prior to November 18, 1991; or (3) by MWR's receipt and signing of the purchase order on November 18, 1991, in Michigan. Regardless of which event is deemed the last act necessary to create a binding agreement, however, it is apparent, and MWR does not seriously dispute, that the contract was made in Michigan.

■ Yet, this conclusion does not necessarily control. If a contract is to be performed in a place other than where it was made, the law of the place of performance governs. *Meijer, supra*, 826 F.Supp. at 244. This contract indisputably required performance by MWR both in Michigan and Ohio. The evidence presented is controverted and does not permit the Court to rule, however, which state was the primary place of performance. Suffice it to say that significant performance took place in both states.

■ Aristech argues that where significant performance occurs in more than one state, the law of the state where the contract was made should control. This argument is too simplistic. Recent caselaw from this district, applying Michigan choice of law princi-

ples, evinces a trend toward employing the "most significant relationship" choice of law rule from the Restatement (Second) of Conflict of Laws. *Meijer, supra,* 826 F.Supp. at 245; *CPC Int'l, Inc. v. Aerojet–General Corp.,* 825 F.Supp. 795, 807 (W.D.Mich.1993); *Chrysler Corp. v. Skyline Indus. Services, Inc.,* 199 Mich.App. 366, 370, 502 N.W.2d 715 (1993). In other words, where the place of performance is not the same as the place of contracting, but is not clearly defined, the Court should consider the factors enumerated in the Restatement, summarized in *Meijer,* at p. 245, as follows:

The Restatement (Second) of Conflict of Laws Section 188 provides:

(1) The rights and duties of. the parties with respect to the issue in contract are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties under the principles stated in § 6.

(2) In the absence of an effective choice of law by the parties … the contacts to be taken into account applying the principles of § 6 to determine the law applicable to an issue include:

(a) the place of contracting,

(b) the place of negotiating the contract,

(c) the place of performance,

(d) the location of the subject matter of the contract, and

(e) the domicil [sic], residence, nationality,· place of incorporation and place of business of the parties

These contacts are to be evaluated according to their relative importance with respect to the particular issue.

Section 6, referred to in Section 188, provides:

(1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.

(2) When there is no directive, the factors relevant to the choice of the applicable rule of law include

(a) the needs of the interstate and international systems,

(b) the relevant policies of the forum,

(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

(d) the protection of justified expectations, ·

(e) the basic policies underlying the particular field of law,

(f) certainty, predictability and uniformity of result, and

(g) ease in the determination and application of the law to be applied.

In considering the present contract, several of the above factors assume greater significance than others. First, the Court must identify the specific issue in the contract with respect to which the parties' rights and duties must be determined. The contract called for MWR to prepare a contamination treatability study workplan, but here at issue is MWR's promise to indemnify Aristech for liability for injuries to persons caused by MWR's performance or omissions under the contract. At issue specifically, then, is enforcement of an agreement made in Michigan, by a Michigan corporation, to indemnify a Delaware corporation for injury sustained by the Michigan corporation's employee while working under contract in Ohio.

While the indemnification agreement is enforceable in Michigan, the parties agree, for present purposes, that it would not be enforceable against MWR in connection with Aristech's liability for injury sustained by an MWR employee, under Ohio law. Does Michigan or Ohio have the most significant relationship to the indemnification obligation?

The Court concludes that Michigan has the most significant relationship. The agreement appears to have been made in Michigan. The place of performance of the indemnity agreement will be in Michigan. See *Meijer, supra,* 826 F.Supp. at 244 (the place of performance of an indemnity agreement is generally considered to be the place where the indemnitee is found liable). The policies of Michigan law, with respect to the "exclusiveness" of the worker's disability compensation remedy, are more important than those of Ohio, because plaintiff has, in fact, received worker's compensation benefits

in connection with this injury under the Michigan scheme. Permitting enforcement of the indemnification agreement under Michigan law better protects the justifiable, bargained-for expectations of the parties. Application of Ohio law would preclude enforcement of MWR's explicit agreement to indemnify, an eventuality the parties cannot have reasonably contemplated. And finally, applying Michigan law to enforcement of an agreement made in Michigan, and to be performed in Michigan, serves the interests of certainty, predictability, uniformity and ease of determining the law to be applied.

Consideration of the Restatement factors, thus, weighs decidedly in favor of applying Michigan law to the indemnification claim. Accordingly, Aristech's third-party claim for contractual indemnification against MWR shall be governed by Michigan law. Aristech's motion to apply Michigan law is **GRANTED**; MWR's motion to apply Ohio law is **DENIED**.

**IT IS SO ORDERED.**